A.G. EDWARDS & SONS, INC., a Delaware corporation, Plaintiff,

v.

William F. McCULLOUGH and Jeanene McCullough, husband and wife, Defendants.

Misc. No. M90–129–PHX–PGR.

United States District Court, D. Arizona.

April 30, 1991.

Charles W. Herf, Phoenix, Ariz., for plaintiff.

Frank Lewis, Phoenix, Ariz., for defendants.

## MEMORANDUM AND ORDER

ROSENBLATT, District Judge.

Before the Court is Plaintiff's application for an order confirming an arbitration award and Defendants' motion to vacate the arbitration award or for alternative relief. After reviewing the moving papers, the record, and the applicable law, and after hearing oral argument, the court finds it appropriate to deny Plaintiff's application and to grant Defendants' motion to vacate the arbitrators' award.

## I. FACTS

Defendants, a couple in their 60's, asserted claims against Plaintiff, their stockbroker's employer, complaining that trading high risk "naked options" for their account was not in accordance with Defendants' stated investment objective of "safety of principal." The stock market "crash" of 1987 resulted in Defendants losing the equity position in their account of approximately $750,000 and incurring a liability (a "debit" balance) to Plaintiff for approximately another $250,000, for a total loss of approximately $1,000,000.

Plaintiff's in-house counsel (David Minnick) secured a promissory note from Defendants for the $250,000 "debit" balance in the account. The note contained a clause releasing any and all claims against Plaintiff. Minnick did not inform Defendants that they might have a claim against Plaintiff. Defendants made at least two payments. Subsequently, Defendants retained counsel and made a Statement of Claim to the New York Stock Exchange on October 14, 1988. The parties participated

in arbitration pursuant to the arbitration clause in their contract. That proceeding resulted in an award whereby Defendants took nothing and their liability to Plaintiff was upheld.

.Defendants' claims were based on violations of federal and state securities and RICO laws, and state consumer fraud laws. (*Id.*). The arbitrators gave no reasons for their decision.

## II. DISCUSSION

### A. *Standard of Review*

■ Federal court review of arbitration awards is limited and courts are permitted to make only a "restricted review" of arbitral decisions. *E.g., Rostad & Rostad Corp. v. Investment Management & Research, Inc.,* 923 F.2d 694 (9th Cir.1991) (citation omitted); *Northrop Corp. v. Triad Int'l Mktg., S.A.,* 811 F.2d 1265, 1269 (9th Cir.), *cert. denied,* 484 U.S. 914, 108 S.Ct. 261, 98 L.Ed.2d 219 (1987); *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 784 F.2d 902 (9th Cir.1986).

### B. *Grounds for Vacatur*

■ The bases for vacating an arbitration award are limited to (1) those provided in 9 U.S.C. § 10(a)–(d); and (2) *perhaps* the judicially created "manifest disregard of the law" doctrine. *See Rostad,* 923 F.2d at *697.* (observing that there is "some doubt" whether manifest disregard of the law remains a viable basis for vacating an award after *Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 109 S.Ct. 1917, 1920, 104 L.Ed.2d 526 (1989)); *Forsythe Int'l, S.A. v. Gibbs Oil Co.,* 915 F.2d 1017, 1020 (5th Cir.1990). Defendants offer two statutory bases for vacating the award:

> Where the arbitrators were guilty of misconduct in refusing to ... hear evidence pertinent and material to the controversy.

9 U.S.C. § 10(c); and

> Where the award was procured by corruption, fraud, or undue means.

*Id.* § 10(a).

1. 9 U.S.C. § 10(c)

Defendants' Motion to Vacate asserts that the arbitrators refused to hear the testimony of their expert on the applicable Arizona law. Defendants point to four (4) "misstatements" of law offered by Plaintiff's counsel, and cite authority for the position advanced by Defendants as evidence of the "misstatements." Defendants then argue that *"if* the arbitrators accepted as correct any one of the four misstatements ... they would have *incorrectly believed* that they had to find against [Defendants] even if [Defendants] had proved their case of securities fraud." Defendants complain that because the arbitrators gave no reasons for their decision they cannot determine whether they did, in fact, accept any of the "misstatements" as correct.

Plaintiff responds by arguing that the arbitrators requested, and received, legal briefs on the applicable law from both parties, and that Defendants presented their legal theories in argument before the panel. Plaintiff also asserts that the panels' refusal to hear the expert was a correct evidentiary ruling, citing cases holding that legal experts may not testify as to meaning and applicability of securities laws. Until oral argument, Plaintiff did not address the "misstatements" except to state it would not "waste[ ]" the court's time with arguing "which party advanced the appropriate legal theories."

#### a. *Arbitrators' Discretion in Receiving Evidence*

■ Vacatur of an award for refusing to hear evidence is rare. *Ouziel v. Shearson Lehman Bros., Inc.,* No. CV 86–1822 (RJD) (E.D.N.Y. April 11, 1988) (1988 WL 36933, *2, 1988 U.S. Dist. LEXIS 3037, *4) (citing *Hoteles Condado Beach, La Concha & Convention Center v. Union de Tronquistas Local 901,* 763 F.2d 34 (1st Cir.1985) (arbitrator not bound to hear all evidence tendered, but must allow "adequate opportunity" to present evidence and arguments)). The arbitrator is the judge of admissibility and relevancy of evidence. *Hoteles Condado,* 763 F.2d at 39 (citation omitted). While the arbitrators might err

in determining relevance, every failure to receive evidence does not require vacation of an award. *Fairchild & Co. v. Richmond, F. & P.R.R.*, 516 F.Supp. 1305, 1314 (D.D.C.1981).

> The error which would constitute misconduct so as to justify vacating an award must not simply be an error of law, *but one which so affects the rights of a party that it may be said to deprive him of a fair hearing.*

*Id.* (emphasis added) (citation omitted).

*Fairchild* was a contract dispute which involved, in part, an objection that the arbitrators had not permitted testimony by a lay witness about his "legal opinions." *Id.* The court found that the arbitrators did not err by restricting inquiry into the witness' legal opinions because it "could be viewed as unnecessary and a matter best left to the arguments of counsel." *Id.*

 While *Fairchild* did not involve testimony by an "expert" on legal issues, it is sufficiently analogous to the instant action to suggest that the arbitrators were not required to hear the Defendants' legal expert. Plaintiff cites cases holding that expert testimony must not amount to a legal conclusion, and argue that the arbitrators made a correct evidentiary ruling. These cases, while perhaps informative, are inapposite because arbitrators are not required to follow legal rules of evidence. *E.g., Quziel*, 1988 WL 36933, at *2, 1988 U.S. Dist. LEXIS 3037 at *4 (citation omitted) (evidence of settlement offer, while inadmissible in court, was admissible in arbitration where rules of evidence are inapplicable); *Fairchild*, 516 F.Supp. at 1315 (rules of evidence not binding in arbitration) (citation omitted).

In *Hoteles Condado*, cited by Defendants in support of vacatur, the First Circuit affirmed a district court's vacatur of an award where the arbitrator "effectively denied the Company an opportunity to present *any* evidence in the arbitration proceeding." 763 F.2d at 40 (emphasis added). Here, Defendants were not denied an opportunity to present any evidence, assuming that the briefs are considered "evidence" of the law. The facts here are not so compelling as *Hoteles Condado*, and it is thus not persuasive.

Defendants' Reply Memorandum characterizes the excluded testimony as one of "fact" and not law by analogizing choice-of-law principles. Defendants argue that because there is no judge in an arbitration to declare the "law of the forum," *all* law is "foreign" and is to be proved as a "fact" as in any judicial proceeding involving foreign law. Defendants assert that the refusal of the arbitrators to hear their expert deprived them of the opportunity to prove the "fact" of the "law." Defendants' argument does not appear to be well supported, indeed, they cite no authority other than *American Jurisprudence.* A compact discussion of this issue is contained in a Washington case:

> The admission and consideration of foreign law should be subject to the control of the trial judge, free to consider in his discretion any source or material which he deems relevant to the determination of the issue.... The determination of foreign law is not to be made by the jury.... When the evidence is in, the foreign law that has been proved as a fact assumes a new role and becomes law.

*Byrne v. Cooper,* 11 Wash.App. 549, 523 P.2d 1216 (1974). The *Byrne* court explained that while foreign law is proved as a "fact," it is not a true fact except in the procedural manner of its proof. Ultimately "foreign" law is an issue of law. *Id.*

Defendants' semantic argument that they were prevented from proving the "fact" of the "law" is not persuasive because a court (and presumably an arbitration panel) has discretion to determine what source or material is relevant to determining "foreign" law. *See id. See generally* E. Scoles & P. Hay, *Conflict of Laws* 403–14 (1982). Arbitrators are not bound by a court's rules of procedure just as they are not bound by rules of evidence. *E.g., Forsythe*, 915 F.2d at 1022 (citing *Wilko v. Swan*, 346 U.S. 427, 436–37, 74 S.Ct. 182, 187–88, 98 L.Ed. 168 (1953), *overruled on other grounds, Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477,

109 S.Ct. 1917, 1922, 104 L.Ed.2d 526 (1989)). Parties, absent agreement, cannot impose rigorous procedural standards in a proceeding that is designed to avoid such formalities. *Id.; Sheet Metal Workers Int'l Ass'n Local 420 v. Kinney Air Conditioning Co.,* 756 F.2d 742, 744 (9th Cir. 1985) (procedural matters "become part of the bundle of issues committed to decisions by the arbitrator"). Therefore, the arbitrators' had discretion to decide how to receive proof of the "foreign" law. Choosing to rely on briefs and the arguments of counsel does not appear to be an abuse of that discretion, even if a district court could apply such a standard of review to arbitration awards.

### b. The "Fair Hearing" Requirement

■ Because the arbitrators' decision not to hear Defendants' expert was within their discretion, to prevail on this argument Defendants must demonstrate that they were deprived of a fair hearing. *Hoteles Condado,* 763 F.2d at 40; *Fairchild,* 516 F.Supp. at 1314. Defendants have not so shown. Defendants supplied a legal memorandum to the arbitrators. Defendants' counsel advanced his view of the applicable law at the hearing. Arbitrator Marsh (the practicing Arizona attorney that voted *for* Defendants) stated "I also feel that [Defendants' expert] is not the ultimate authority as to what the law is." Arbitrator Marsh asked Defendants' counsel for citations to specific statutes and cases that Defendants wanted the panel to consider. Defendants' counsel acknowledged that the arbitrators, if they heard the expert, were "free to accept or reject" the testimony. Arbitrator Lehing (the non-practicing attorney that voted *against* Defendants) stated that the panel was "perfectly capable of reading the statutes and the case law." The third arbitrator (a non-attorney) apparently made no comments on the issue. Thus, from the record it appears that the *two lawyers* on the panel decided not to hear the testimony of Defendants' expert. The panel requested briefs from counsel to address "all of those issues."

Defendants' twenty-five page legal memorandum is undated; however, at page 19, first paragraph, the memorandum implies that it was prepared before the conclusion of the hearing. It is not clear if Defendants provided citations to specific statutes and cases, at the conclusion of the hearing, as requested by Arbitrator Marsh. Defendants may have voluntarily foregone this opportunity to present their legal position in the form requested by the panel (written briefs at hearing conclusion), and now should be held to have waived the right to object to the arbitrators' refusal to hear the evidence in the form Defendants desired (expert testimony).

In sum, it appears that the Defendants had an adequate opportunity to present their legal theories to the panel. It does not appear that Defendants were "deprived of a fair hearing" by the refusal of the arbitrators to hear Defendant's expert.

However, the court is troubled by certain facially meritless defenses raised by Plaintiff at the arbitration proceeding. While the Court concludes that the arbitration panel was not required to hear Defendants' expert to provide a "fair" hearing, the parties are not free to raise obviously improper or frivolous claims or defenses.

### 2. 9 U.S.C. § 10(a)

Defendants' Reply Memorandum raises "fraud" and "undue means" as additional bases for vacating the award. Defendants raise "knowing misrepresentation to the tribunal of the applicable law" as the "fraud" element; and assert that if the "misstatements" were unknowingly made they constitute "undue means." Defendants raise this after noting that Plaintiff did not respond to the allegations of misstatements of law, except to attach a copy of the two memorandums submitted to the arbitrators. Defendants suggest it is appropriate to consider the Plaintiff to have admitted the "misstatements." (*Id.*). After hearing oral argument on the issue, the Court agrees that Plaintiff has admitted at least two of the four alleged "misstatements."

**1370**

### a. Vacatur on Ground of Fraud

"[C]ourts must be slow to vacate an arbitral award on the ground of fraud." *Dogherra v. Safeway Stores, Inc.,* 679 F.2d 1293, 1297 (9th Cir.), *cert. denied,* 459 U.S. 990, 103 S.Ct. 346, 74 L.Ed.2d 386 (1982). Courts require a nexus between the alleged fraud and the panels' decision. *E.g., Forsythe Int'l, S.A. v. Gibbs Oil Co.,* 915 F.2d 1017, 1022 (5th Cir.1990) (and cases cited therein). Where the panel hears the allegation of fraud, then decides the controversy on clearly independent grounds, the award should not be vacated. *Id.* The Eleventh Circuit has recently held that to prevail on a motion to vacate an award based on fraud, the movant must meet three requirements:

1. Establish fraud by clear and convincing evidence;
2. The fraud must not have been discoverable upon the exercise of due diligence prior to or during the hearing; and
3. The fraud is materially related to an issue in the arbitration.

*O.R. Secs., Inc. v. Professional Planning Assocs., Inc.,* 857 F.2d 742, 748 (11th Cir. 1988) (citing *Bonar v. Dean Witter Reynolds, Inc.,* 835 F.2d 1378, 1383 (11th Cir. 1988)); *accord Dogherra,* 679 F.2d at 1297.

In the instant case, all the alleged "misstatements" were known to, and pointed out to the arbitrators by, Defendants' counsel. Based on the record, it appears that Defendants' cannot meet the second *Bonar* element, and therefore are not entitled to vacatur on the basis of fraud.

### b. Mere Error of Law is not Ground for Vacatur

It appears that counsel for both parties presented their legal arguments in the usual adversarial way, both orally and through legal memoranda. Plaintiff submitted two briefs and Defendants at least one brief. Defendants' complaint might be construed simply as a difference of opinion on the law; that is, Defendants believe they should have won on the law. An arbitration award will be upheld even when the arbitrators' view of the law is "open to

serious question." *Coast Trading Co. v. Pacific Molasses Co.,* 681 F.2d 1195, 1198 (9th Cir.1982); *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 784 F.2d 902, 906 (9th Cir.1986). "[M]ere error in interpretation of ... law [will] not justify refusal to enforce the arbitrators' decision." *Northrop,* 811 F.2d 1265 (9th Cir. 1987); *cf. Rostad,* 923 F.2d at 697 (9th Cir.) (rejecting, as self-serving and without merit, claim that the arbitrators "exhibited evident partiality" because, in complaining party's opinion, the arbitrators were wrong on the law). In the instant case, there is more than a possibility of "mere error" in interpreting the law, there is the element of facially meritless defenses raised by Plaintiff.

### c. Vacatur on Ground of Undue Means

#### (1). Contributory Negligence

Plaintiff asserts in its Answer:

> [T]he claimants caused or contributed to cause the alleged damages of which the Claimants complain herein and are thus barred by their *contributory negligence* from recovering such alleged damages from [Plaintiff]. *To the extent that* the doctrine of comparative negligence is applicable [Defendants' claim is barred].

(Plaintiffs' Answer ¶ 22) (emphasis added). Plaintiff does not address this defense in either of the two legal memorandums submitted to the panel. At oral argument Plaintiff's counsel urged that contributory negligence was pled as a defense only "to the extent it applies." The text cited above indicates otherwise. Only comparative negligence was pled "to the extent it applies."

Defendants cite *Washington Nat'l Corp. v. Thomas,* 117 Ariz. 95, 570 P.2d 1268 (Ct.App.1977) for the proposition that contributory negligence is not a defense to a statutory state securities fraud claim. *Thomas* so holds. *Id.* at 102, 570 P.2d at 1275. It is clear to the Court that contributory negligence is no defense to Defendants' state law claim.

### (2). Consumer Fraud Statute is Inapplicable

Plaintiff, in its Answer, states:

[Plaintiff] asserts that the Arizona Consumer Fraud Statute (Section 44–521 et seq A.R.S.) *is inapplicable* to claims arising from the purchase and sales of securities.... and [Plaintiff] is therefore in no event liable [for damages].

(Plaintiff's Answer ¶ 29) (emphasis added). Plaintiff's legal memorandum does not state that the statute is inapplicable to securities fraud as in its Answer; rather it states that the requisite elements for a private cause of action (false promise or misrepresentation made in connection with the sale or advertisement of merchandise, and the hearer's reliance and consequent and proximate injury) cannot be proved by Defendants. Plaintiff cites *Dunlap v. Jimmy GMC of Tucson, Inc.,* 136 Ariz. 338, 666 P.2d 83, 87 (Ct.App.1983) and *Parks v. Macro Dynamics, Inc.,* 121 Ariz. 517, 591 P.2d 1005, 1008 (Ct.App.1979). *Dunlap* did not mention reliance as an element. *Parks* stated that the hearer must rely, but that reliance need not be reasonable as at common law. Plaintiff also asserts that the statute was amended in 1983 to specifically preserve estoppel, ratification and laches. The Court found no such amendment. At oral argument Plaintiff's counsel urged that Plaintiff "didn't say [the statute] didn't apply." Plaintiff's Answer refutes this argument.

Defendants cite *State ex rel. Corbin v. Pickrell,* 136 Ariz. 589, 667 P.2d 1304 (1983) for the proposition that a 1981 amendment to the consumer fraud statute provided an added avenue of relief for victims of securities fraud. (D.M.V. at 7). *Pickrell* so holds. *Id.* at 592, 667 P.2d at 1307. It is clear to the Court that Plaintiff's assertion that the statute is inapplicable to Defendants' state securities fraud claim is meritless.

The purpose of the Court's limited inquiry was to consider whether the "misstatements" were so blatantly against the state of the law as to suggest "undue means." The Court concludes that certain defenses were facially meritless and that Plaintiff knew, or should have known, contributory negligence was no defense to Defendants' state law claims and that the Arizona Consumer Fraud Statute is applicable to claims arising from the sale of securities. Plaintiff should have foregone its contrary arguments.

Although there is little authority construing the meaning of "undue means," and none in the Ninth Circuit, the Court concludes that a party to an arbitration proceeding raising multiple facially meritless defenses constitutes procurement of an award by "undue means" within the meaning of 9 U.S.C. § 10(a). The Court further concludes that permitting an award procured through such conduct to survive even the extremely limited judicial review of arbitration awards would render district courts little more than passive observers of this alternative dispute resolution mechanism. Congress expressed its intention to permit judicial review of arbitral awards, albeit a restrictive review, by enacting 9 U.S.C. § 10. For this Court to confirm the award in the instant case would be to abandon the arbitration process to the parties and do little more than rubber stamp an award procured through questionable, and this Court concludes "undue," means. This, the Court is unwilling to do.

### 3. Remand for Statement of Reasons for Award

██ Defendants pray in the alternative for a remand to the panel for a statement of their reasons for the award. Defendants complain about the unfairness of having no reasoning to review; but it is well settled that arbitrators need not provide any reasons for their decisions, unless required by contract or the rules of the arbitration. *E.g., Sargent v. Paine Webber Jackson & Curtis, Inc.,* 882 F.2d 529, 533 (D.C.Cir.1989) (arbitrators not required to give reasons for their decision by either the Federal Arbitration Act or the New York Stock Exchange); *O.R. Secs., Inc. v. Professional Planning Assocs., Inc.,* 857 F.2d 742 (11th Cir.1988) (citing *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), *overruled on other grounds, Quijas v. Shearson/American Express,*

**1372**

*Inc.,* 490 U.S. 477, 109 S.Ct. 1917, 1922, 104 L.Ed.2d 526 (1989)); *see also Raiford v. Merrill Lynch, Pierce, Fenner & Smith,* 903 F.2d 1410, 1413 (11th Cir.1990) (declining to remand the case to arbitration panel for a statement of reasons because, although it would permit more active judicial review, it would defeat policy in favor of expeditious arbitration); *Kaiser Cement Corp. v. Fischbach & Moore, Inc.,* 793 F.2d 1100, 1102 n. 6 (9th Cir.), *cert. denied,* 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 384 (1986) (citation omitted).

Defendants cite *Ainsworth v. Skurnick,* 909 F.2d 456 (11th Cir.1990) (per curiam) for the implied proposition that the Eleventh Circuit "adopted the approach of remanding the ambiguous award to the arbitrators" for clarification. This does not appear to be a fair reading of *Ainsworth.* In *Ainsworth,* the district court, in the first instance, remanded the award for the arbitrators to specify which of the five counts in the complaint had been violated. *Id.* at 459 (Appendix 1, D. Ct. Order). This order apparently was not appealed. The district court complained that vagueness "emasculates" judicial review. *Id.* That court found the award ambiguous because, if a statutory violation were found, damages were mandatory, but not if only a common law violation was found. *Id.* The panel found a violation, but gave no damages. *Id.* When the arbitration panel issued a new order clarifying the basis of its award, the district court decided that the panel erred by not finding a violation of a certain Florida securities statute, and vacated the award "as being in manifest disregard of the law." *Id.* at 462.

On appeal, the Eleventh Circuit observed that there was no Florida authority construing the statute in question, and certified the question to the Supreme Court of Florida. *Id.* at 458. The court did *not* affirm the district court as suggested by Defendants. *Id.* The issue of remanding for clarification was not before the court and the court made no comments on the issue, except in its brief statement of the facts that where an "award can be interpreted in a variety of ways, it is normal to remand for clarification." *Id.* at 457. *Rai-*

*ford,* decided two months before *Ainsworth,* seriously undercuts Defendants' assertion that the Eleventh Circuit has "adopted" the approach of remanding arbitration orders for a statement of the reasons for the award.

In sum, Defendants have cited no persuasive authority supporting a remand to the panel for a statement of their reasons for the award.

**III. CONCLUSION**

Based on the foregoing, it is

ORDERED, that Plaintiff's Application to Confirm Arbitration Award is DENIED, it is

FURTHER ORDERED, that Defendants' Motion to Vacate Arbitration Award is GRANTED, and it is

FURTHER ORDERED, that the matter is remanded for a new arbitration hearing before a different arbitration panel.