**David BROWN and Rita Brown, Plaintiffs,**

v.

**RAUSCHER PIERCE REFSNES, INC.; William H. Brashears, Defendants.**

**No. 91–376–CIV–T–17(A).**

United States District Court, M.D. Florida, Tampa Division.

June 19, 1991.

---

Stanley Theodore Padgett, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, Fla., for plaintiffs.

Bruce W. Collins, Carrington, Coleman, Sloman & Blumenthal, Dallas, Tex., for defendants.

### ORDER

KOVACHEVICH, District Judge.

This cause is before the court on Plaintiffs' motion to vacate or modify an arbitration award before the New York Stock Exchange (NYSE).

The arbitration panel awarded $16,000 in damages and $4,000 in forum fees to Plaintiffs without explanation. This has led to sharp dispute between the parties. Plaintiffs contend that the award ignores the statutory damages formulas provided for their claim under Fla.Stat. §§ 517.12 and 517.211. They ask the court to vacate the award and grant damages consistent with the statutory formula which they calculate as $721,762.91. Defendants suggest, however, a number of bases on which the arbitrators may have made a smaller award.

In light of the confusion surrounding this award, the Court remands this case to the arbitration panel for clarification pursuant to 9 U.S.C. § 10(e). *Ainsworth v. Skurnick*, 909 F.2d 456, 457 (11th Cir.1990) ("When an arbitration award can be interpreted in a variety of ways, it is normal to

---

**37.** It is undisputed that Thompson would have been permitted to remain had he abided by this demand.

remand for clarification.").[1]  Accordingly, it is

ORDERED that this case be remanded for clarification to the original NYSE arbitration panel.

DONE and ORDERED.

---

1. The court notes with dismay the confusion in the 11th Circuit on this issue. *See Raiford v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 903 F.2d 1410, 1413 (11th Cir.1990) ("We think that recommitting cases such as this to the arbitra-tion panel for explanation would defeat the policy in favor of expeditious arbitration. When the parties agreed to submit to arbitration, they also agree to accept whatever reasonable uncertainties might arise from the process.")