Al AINSWORTH, Plaintiff–Appellee,

v.

Sam SKURNICK, Defendant–Appellant.

No. 89–5701.

United States Court of Appeals,
Eleventh Circuit.

May 18, 1992.

Sam Skurnick, pro se.

Russell L. Forkey and James F. Falco, Deerfield Beach, Fla., for plaintiff-appellee.

Before KRAVITCH, Circuit Judge, RONEY and ALDISERT *, Senior Circuit Judges.

PER CURIAM:

This case involving Florida securities law comes before this Court for the second time. We previously certified a question to the Florida Supreme Court and the undisputed facts are fully set forth in *Ainsworth v. Skurnick*, 909 F.2d 456 (11th Cir. 1990). In this suit by a customer against a securities broker, the district court upheld the decision of an arbitration panel that Sam Skurnick, the securities broker, was negligent in handling the account of his customer, Al Ainsworth. Since this violated Fla.Stat. ch. 517.12, however, the district court awarded Ainsworth damages under the mandatory damages provision of Fla. Stat. ch. 517.211, which the arbitration panel failed to do. The district court properly applied Florida law in finding that the violation of Fla.Stat. ch. 517.12 automatically triggers a damage award under Fla.Stat.

---

* Honorable Ruggero J. Aldisert, Senior U.S. Circuit Judge for the Third Circuit, sitting by designation.

ch. 517.211. The district court vacated the arbitration judgment as being in manifest disregard of the law. Although this may have been an incorrect standard under the law of this Circuit, the decision of the district court may be upheld on the ground that the ultimate decision of the arbitration panel denying damages was "arbitrary or capricious."

Plaintiff's original claim was submitted to arbitration before a panel of the National Association of Securities Dealers, Inc. On the first appeal to the district court of the arbitration award which denied a damage claim, the district court sent it back to the arbitration panel, stating that the decision was vague, cursory, and without adequate explanation of how the conclusion was reached in light of Fla.Stat. ch. 517.12 and the mandatory damages provision of Fla.Stat. ch. 517.211. *San Antonio Newspaper Guild Local 25 v. San Antonio Light Div.*, 481 F.2d 821, 824–825 (5th Cir. 1973) (proper to remand for interpretation an ambiguous arbitration award).

After being instructed by the district court that statutory damages are mandatory when one violates Fla.Stat. ch. 517.12, the arbitration panel's second award stated:

[H]aving now considered all evidence respecting each and every claim submitted for arbitral determination in connection with the Respondent's position as the Claimant's broker/dealer, we find that the Respondent was negligent in the handling of the Claimant's account, however, the Claimant sustained no damages;

And, therefore, we conclude that the Claimant is not entitled to recover any compensatory damages, nor any punitive damages and interest....

And, further it is our conclusion that the Claimant has not established his right to recover on any of the other claims filed in this proceeding.

[In re Arbitration between Ainsworth v. Skurnick, NASD Award 86–1021, April 8, 1988].

■ Although the district court stated the Florida law clearly, the briefs of the parties and our own research revealed no clear precedent in the Florida court decisions concerning when a sale of securities is considered to have been made in Florida such as to trigger mandatory damages. We, therefore, certified the question to the Florida Supreme Court pursuant to Fla. Const. art. 5 § 3(b)(6). *Ainsworth v. Skurnick*, 909 F.2d 456 (11th Cir.1990). That Court, in its answer to the certified question, has now held that the district court was correct in its instructions to the arbitration panel. *Skurnick v. Ainsworth*, 591 So.2d 904 (Fla.1991). The Court said that

The issue in this case is whether a securities broker in Connecticut and New York is making a sale of securities in Florida under section 517.12, Florida Statutes (1989), when he or she receives an order or check by mail from a Florida resident and acts on that request by purchasing stock or mutual funds in New York.

. . . .

We agree with the United States District Court and find that the language in section 517.12 which states 'sell[s] securities in this state to persons of this state from offices outside this state, by mail or otherwise,' expresses a clear intent to cover this type of transaction.

*Id.* at 904, 906. So we now know that Skurnick violated chapter 517.12 and that Ainsworth is entitled to mandatory damages under chapter 517.211.

■ Courts are generally prohibited from vacating an arbitration award on the basis of errors of law or interpretation, and the express terms of 9 U.S.C. §§ 10 and 11 have often been deemed the exclusive grounds for vacation or modification. *See O.R. Securities v. Professional Planning Assoc.*, 857 F.2d 742, 746 (11th Cir.1988); *Shearson Hayden Stone, Inc. v. Liang*, 653 F.2d 310, 312 (7th Cir.1981); *Diapulse Corp. of America v. Carba, Ltd.*, 626 F.2d 1108, 1110 (2d Cir.1980). Several courts have discussed the use of a "manifest disregard of the law" standard to vacate an

arbitration award. *See Robbins v. Day,* 954 F.2d 679 (11th Cir.1992); *Todd Shipyards Corp. v. Cunard Line, Ltd.,* 943 F.2d 1056 (9th Cir.1991); *Marshall v. Green Giant Co.,* 942 F.2d 539 (8th Cir. 1991); *Upshur Coals Corp. v. United Mine Workers of America, Dist. 31,* 933 F.2d 225 (4th Cir.1991); *Advest, Inc. v. McCarthy,* 914 F.2d 6 (1st Cir.1990); *Raiford v. Merrill Lynch, Pierce, Fenner & Smith,* 903 F.2d 1410, 1413 (11th Cir.1990); *Jenkins v. Prudential–Bache Securities, Inc.,* 847 F.2d 631 (10th Cir.1988); *O.R. Securities,* 857 F.2d 742; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker,* 808 F.2d 930 (2d Cir.1986); *Stroh Container Co. v. Delphi Indus., Inc.,* 783 F.2d 743 (8th Cir.), *cert. denied,* 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986). This Circuit, however, has never adopted that standard as a ground for vacating an arbitration award. *Robbins,* 954 F.2d at 684; *Raiford,* 903 F.2d at 1412; *O.R. Securities,* 857 F.2d at 747. The cases are unclear as to whether we have ever held that it would be error to vacate an arbitration award as being in manifest disregard of the law.

■ Our cases do hold, however, that although great deference is normally accorded an arbitration award, an award that is arbitrary or capricious is not required to be enforced. *Robbins,* 954 F.2d at 683; *Raiford,* 903 F.2d at 1412; *United States Postal Serv. v. National Assoc. of Letter Carriers,* 847 F.2d 775, 778 (11th Cir.1988); *Drummond Coal Co. v. United Mine Workers of Am.,* 748 F.2d 1495, 1497 (11th Cir.1984). An award is arbitrary and capricious only if "a ground for the arbitrator's decision cannot be inferred from the facts of the case." *Raiford,* 903 F.2d at 1413; *see also Drummond Coal,* 748 F.2d at 1497 (award may be vacated if irrational).

■ Such is the case here. There is simply no explanation in the award itself why damages were not awarded. The award said that "the Claimant sustained no damages; [a]nd, therefore, we conclude the that Claimant is not entitled to recover" damages. This is a non-sequitur for which there is no basis. The arbitrators did not reflect any disagreement with the district court's statement of the law. Even if there was a dispute as to the application of section 517.12 to the undisputed facts of this case, there is none now, since the Florida Supreme Court certification. We have to assume that the arbitrators' decision was arbitrary or capricious for two reasons: first, it was a reasonable interpretation of the statute made by the district court in questioning the vagueness of the panel's first decision; and second, the district court told them what the law was, and their second award does not indicate that they differ with the point nor does it give any reason for not awarding mandatory damages. Since they knew the law required damages, their refusal to grant damages is clearly arbitrary. There was no reasonable basis upon which the panel may have acted. *See Schmidt v. Finberg,* 942 F.2d 1571, 1577–78 (11th Cir.1991). In this case, it is not a question of deciding the law and getting it wrong or for some reason disregarding the law. The decision was simply an apparent arbitrary and capricious denial of relief with no factual or legal basis.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.