**A.G. EDWARDS & SONS, INC.,**
**a Delaware corporation,**
**Plaintiff–Appellant,**

v.

**William F. McCOLLOUGH; Jeanene**
**McCollough, husband and wife,**
**Defendants–Appellees.**

No. 91–15839.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 1992.

Decided June 26, 1992.

Charles W. Herf, Quarles & Brady & Fannin, Phoenix, Ariz., for plaintiff-appellant.

Brian K. Stanley, and Frank Lewis, Langerman, Begam, Lewis & Marks, Phoenix, Ariz., for defendants-appellees.

Before: BROWNING, PREGERSON, and RYMER, Circuit Judges.

PER CURIAM:

A.G. Edwards & Sons appeals the district court's order vacating an arbitration award against the McColloughs. 764 F.Supp. 1365. We reverse and remand.

I

The McColloughs, investors, agreed to arbitration in lieu of a federal court suit to resolve a dispute with their brokers, Edwards & Sons, as to the cause of a considerable loss in their account. The McColloughs then filed with the New York Stock Exchange Director of Arbitration, their complaint alleging in conclusory fashion violation of federal and Arizona RICO, securities, and Consumer Protection statutes. Edwards & Sons answered, raising fourteen affirmative defenses, two of which the district court below found facially meritless. The McColloughs responded by filing a brief which sought to rebut these defenses, and specifically argued that the two defenses in question were without merit. At the close of arbitration, the panel found in favor of Edwards & Sons and awarded the firm $310,850.12. The panel did not state the reasons for its award.

The brokers filed an Application to Confirm Arbitrator's Award in federal court in Arizona. In response, the McColloughs moved to vacate the award or to remand for a statement of reasons.

The district court rejected the McColloughs' argument that the arbitrators were guilty of misconduct in refusing to hear material evidence. It also rejected their argument that the award was procured through fraud because Edwards & Sons made knowing misstatements of the law by raising the meritless defenses. The court noted that federal courts must be slow to vacate an arbitral award on the grounds of fraud and that fraud is only a viable ground for vacatur when it is undiscoverable during the proceeding. The Court held the McColloughs failed to make out fraud because all the alleged misstatements had been pointed out to the arbitrators. The court also rejected the McColloughs' motion to remand for a statement of reasons, finding it well settled that arbitrators are not required to state their reasons.

The court did, however, accept the McColloughs' third argument for vacatur—that the award was procured through "undue means" within the meaning of 9 U.S.C. § 10(a)(1). The McColloughs argued that two of the defenses put forth by Edwards

& Sons were so facially meritless that to offer them was to engage in "undue means." The court agreed, finding that such behavior constituted grounds for vacatur. The court then remanded the case to a different arbitration panel.

## II

As the district court noted, federal court review of arbitration awards is extremely limited. "It is generally held that an arbitration award will not be set aside unless it evidences a 'manifest disregard for law.'" *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir.1991) (citing "Steelworkers Trilogy"). The courts should not reverse even in the face of erroneous interpretations of the law. *Id.*

The district court did not state whether (1) in the face of a lack of findings, it would presume the arbitrators had been persuaded by the meritless defenses; or (2) the mere act of putting forth the arguments, whether they were relied upon or not, constituted "undue means." In either case, the court's decision is in conflict with the law of this circuit.

 If the district court employed a presumption that the meritless defenses had an impact on the arbitrator's decision, its holding is in obvious tension with the applicable case law. As the district court recognized, arbitrators are not required to state the reasons for their decisions. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960); *Kaiser Cement Corp. v. Fischbach and Moore, Inc.*, 793 F.2d 1100, 1102 n. 6 (9th Cir.1986). The rule that arbitrators need not state their reasons presumes the arbitrators took a permissible route to the award where one exists. *See Sargent v.*

*Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529, 532 (D.C.Cir.1989). Under the district court's rationale in this case, courts would be free to vacate an award in any case in which the winning side had raised even one meritless defense and the arbitrators had not specifically identified the reasons for their award. Panels of arbitrators wishing to avoid relitigation would be forced to state the reasons for their decisions in direct contradiction of the universally accepted rule that a statement of reasons is not required and arbitrators are presumed to have relied on permissible grounds. *See United Steelworkers*, 363 U.S. at 598, 80 S.Ct. at 1361.

 If the district court meant to hold that no reliance by the arbitrators on the meritless arguments need be demonstrated because the mere offering of the defenses itself constitutes "undue means," its holding conflicts with the language of § 10 and cases interpreting it. The statute allows for vacation of an award "procured by corruption, fraud, or undue means." 9 U.S.C. § 10(a)(1). Thus the statute requires a showing that the undue means caused the award to be given. *Cf. Forsythe Int'l, S.A. v. Gibbs Oil Co. of Texas*, 915 F.2d 1017, 1022 (5th Cir.1990) (the statutory language requires a nexus between the alleged fraud and the basis for the panel's decision).

 Nor do we agree with the district court that mere sloppy or overzealous lawyering constitutes "undue means."[1] Although the term has not been defined in any federal case of which we are aware, it clearly connotes behavior that is immoral if not illegal. *See* Black's Law Dictionary 1697 (Rev. 4th ed. 1968) ("Undue" means "more than necessary; not proper; illegal," and "denotes something wrong, according to the standard of morals which the law enforces." "Undue influence" means any

**1.** The McColloughs now argue that the district court should have relied on the "excess of authority" provision of 9 U.S.C. § 10(a)(4) to support its holding. We agree with the D.C. Circuit that, in the absence of any evidence that the arbitrators "exceeded their powers," the failure to provide reasons does not justify overturning an award under this section. *See Sargent*, 882 F.2d at 532.

"improper or wrongful constraint, machination, or urgency of persuasion whereby the will of a person is overpowered."). Offering a meritless defense, however unfortunate, is part and parcel of the business of litigation; it carries no connotation of wrongfulness or immorality. In addition, it occurs with such frequency that, were the district court's rule to be adopted, the federal courts would be required to overturn arbitration awards regularly as procured by "undue means." This would be inconsistent with the extremely limited scope of judicial review of such awards.[2]

Moreover, the McCulloughs have not satisfied the first part of this court's three part test for vacating an arbitration award under 9 U.S.C. § 10(a). We have held that, in order to justify vacating an award because of fraud, the party seeking vacation

> must show that the fraud was (1) not discoverable upon the exercise of due diligence prior to the arbitration, (2) materially related to an issue in the arbitration, and (3) established by clear and convincing evidence.

*Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1339 (9th Cir.1986) (citing *Dogherra v. Safeway Stores, Inc.*, 679 F.2d 1293, 1297 (9th Cir.), *cert. denied*, 459 U.S. 990, 103 S.Ct. 346, 74 L.Ed.2d 386 (1982)). We see no reason not to apply this test to cases raising claims of "undue means."

■ An obvious corollary to the first prong of the test stated above is that, where the fraud or undue means is not only discoverable, but discovered and brought to the attention of the arbitrators, a disappointed party will not be given a second bite at the apple. This rule is consistent with "the extremely narrow scope of our review of the arbitration panel's decision." *Employers Ins. of Wausau v. National Union Fire Ins. Co.*, 933 F.2d 1481, 1485 (9th Cir.1991).

2. Appellee's various policy arguments urging tighter judicial review of arbitration awards are not persuasive. Such a course would undermine the strong federal policy encouraging arbitration as a "prompt, economical and adequate"

■ In this case, the alleged "undue means"—the assertion of facially meritless defenses—were known to the McCulloughs and the arbitrators from the outset of the arbitration. In fact, as mentioned above, in discussing and rejecting the McCulloughs' fraud argument, the district court concluded that "all the alleged 'misstatements' [of the law] were known to, and pointed out to the arbitrators by, [the McCulloughs'] counsel," and thus that the requirement that the fraud must not have been discoverable upon the exercise of due diligence was not satisfied. *A.G. Edwards & Sons v. McCullough*, 764 F.Supp. 1365, 1370 (D.Ariz.1991).

The decision vacating the arbitration award is REVERSED. The district court shall enter an order confirming the arbitration award. The appellant is entitled to attorneys' fees in accordance with the agreements between the parties.

method of dispute resolution for those who agree to it. *See Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 479–80, 481, 109 S.Ct. 1917, 1919–20, 1920, 104 L.Ed.2d 526 (1989).