996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Monir MEMARPURI, Plaintiff-Appellant,
v.
ALAMEDA COUNTY, et al., Defendants-Appellees.
 No. 92-15075.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 18, 1993.
Decided June 23, 1993.
 
 Before LAY,* HUG and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an appeal from binding arbitration in a Title VII action alleging hostile work environment and discrimination based on national origin. Appellant Monir Memarpuri challenges the arbitration panel's decision rejecting her claims. We affirm.
 
 
 3
 Appellant initially brought this action in the district court alleging wrongful discrimination and harassment based on her Iranian descent. Appellant is an account clerk for Alameda County. After filing a complaint with the EEOC, appellant sued in federal district court. The district court dismissed the case as to some defendants, ruling that appellant failed to exhaust administrative remedies and that the statute of limitations had expired.
 
 
 4
 The parties then jointly stipulated to have the remaining claims adjudicated by an arbitration panel. The Joint Stipulation expressly waived the right to a trial and reserved the right to appeal issues of law to the Ninth Circuit. The stipulation also dismissed with prejudice actions against all defendants except Alameda County. Thus, the only remaining issues for arbitration were a discriminatory failure to promote and hostile work environment against defendant Alameda County. The arbitration panel ruled in favor of Alameda County without written findings of fact or conclusions of law.
 
 
 5
 Appellant first claims that the arbitration panel did not review her claims against Marjorie Hodges and Adela Pang. However, neither of these individuals is named as a defendant in appellant's Third Amended Complaint. As such, appellant is barred from now raising those claims. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987).
 
 
 6
 Appellant's second claim is that defendants Terry Alford, Robb Crowder, and Marjorie Hodges improperly discriminated agaisnt her. However, the Joint Stipulation dismissed all claims against Terry Alford and Robb Crowder. Thus, appellant is barred from raising claims against them at this time. The claim against Marjorie Crowder is barred for the reasons set forth above.
 
 
 7
 The final issue raised by appellant is the same allegation against Alameda County determined at arbitration. "[F]ederal court review of arbitration awards is extremely limited." A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1403 (9th Cir.1992), cert. denied, 113 S.Ct. 970 (1993). "[A]n arbitration award will not be set aside unless it evidences a 'manifest disregard for the law.' " Id. (quoting Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1060 (9th Cir.1991). Appellant has not demonstrated that the arbitration panel's award should be overturned. Accordingly, there is no basis for us to do so.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3