8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry G. THORNTON; Herminia V. Thornton, Plaintiffs-Appellants,
v.
SHEARSON LEHMAN HUTTON, INC., a Delaware corporation; A.
Joseph Denhart; Robert Cummings, Defendants-Appellees.
 No. 92-35116.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1993.
Decided Oct. 21, 1993.
 
 Before: GOODWIN, SCHROEDER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Thorntons, investors with a brokerage firm, appeal from a final order denying their application to modify an arbitration award. Their suit against the brokerage firm alleged fraud, breach of duty, and violations of federal and Washington state securities laws, the Washington State Consumer Protection Act and the federal RICO act. We affirm.
 
 
 3
 An arbitration panel awarded damages which more than covered their out of pocket losses, but denied the claims for attorney's fees, costs, treble damages and punitive damages. The central issue on appeal is whether the case presented the district court with a basis for modifying the arbitration award.
 
 
 4
 The district court could not modify the arbitration award unless it found that the arbitration panel showed a "manifest disregard of the law." See, e.g., Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1060 (9th Cir.1991).
 
 
 5
 The Thorntons' arguments in effect amount to nothing more than that they disagree with the decision of the arbitrators. At best, they have shown that the arbitration panel could have awarded attorney's fees and punitive damages. The arbitrator was not compelled to accept the Thornton's theory of the appropriate remedy. Federal courts must confirm arbitration awards even in the face of erroneous findings of fact or misinterpretations of the law. The Federal Arbitration Act, 9 U.S.C. §§ 10 & 11 gives the federal courts a very limited power to review arbitration awards. Neither § 10, which governs vacation of arbitration awards, nor § 11, which governs modification, gives courts the power to vacate or modify arbitration awards on the ground that the arbitration panel disregarded the law. This circuit is one of a few courts that recognize "manifest disregard of the law" as a basis for judicial intervention in the contractual remedy of arbitration.
 
 
 6
 The Thorntons have made no tenable argument that the arbitration panel manifestly disregarded the law or acted irrationally. None of the grounds listed in either statute apply to the present case.[1]
 
 
 7
 Courts should not reverse an arbitration award "even in the face of erroneous interpretations of the law." A.G. Edwards v. McCollough, 967 F.2d 1401, 1403 (9th Cir.1992) cert. denied 113 S.Ct. 1666 (1993).[2] Arbitration awards should be upheld if justified by any colorable theory. Id.
 
 
 8
 The Thorntons are unable to cite any case holding that the Washington Securities Act, RCW 21.20.430(1) requires courts to award attorney's fees to parties collecting damages under the Act. This court has held that interest awards, which the Act discusses in the same phrase as attorney's fees, are discretionary. Burgess v. Premier Corp, 727 F.2d 826, 839 (9th Cir.1984). Under the federal Securities Act, attorney's fee awards are discretionary. Securities Exchange Act of 1934, 15 U.S.C. §§ 78i(e), 78r(a). The case was properly submitted to arbitration. The arbitration panel exercised its discretion as it saw fit. The appeal reveals nothing that would authorize a court to interpose its ideas of what might have been a more appropriate award.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The grounds listed for vacating an award are:
 (1) Where the award was procured by corruption, fraud, or undue means.
 (2) Where there was evident partiality or corruption....
 (3) Where the arbitrators were guilty of misconduct....
 (4) Where arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
 (5) Where an award is vacated and the time within which the agreement required the award to be made has not expired.... 9 U.S.C. § 10, as amended Nov. 15, 1990, Pub.L. 101-552, § 5.
 The grounds listed for modifying an award are:
 (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
 (b) Where the arbitrators have awarded upon a matter not submitted to them,....
 (c) Where the award is imperfect in matter of form not affecting the merits of the controversy. 9 U.S.C. § 11.
 
 
 [2]
 See also Wilko v. Swan, 346 U.S. 427, 436-37 (1953) ("[T]he interpretations of the law by the arbitrators ... are not subject, in the federal courts, to judicial review for error in interpretation."); Martine Compania de Navegacion v. Saguenay Terminals, 293 F.2d 796 (9th Cir.1961) ("manifest disregard of the law must be something beyond and different from a mere error in the law or a failure on the part of the arbitrators to understand or apply the law")