15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Edward H. GREENBERG, Plaintiff-Appellee,
v.
PAINEWEBBER, INCORPORATED, Defendant-Appellant.
 No. 93-55516.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 20, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Painewebber, Incorporated appeals the district court's order vacating an arbitration award rendered in favor of Edward H. Greenberg. Painewebber contends the district court erred because there was no evidence that the arbitration panel was biased or that the panel exhibited a manifest disregard for the law. We have jurisdiction pursuant to 9 U.S.C. Sec. 16. We reverse.
 
 
 3
 The Federal Arbitration Act ("Act"), 9 U.S.C. Sec. 10 sets forth the grounds upon which a federal court may vacate an arbitration award. Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1059-60 (9th Cir.1991). Under the Act, an award may be vacated "[w]here there was evident partiality or corruption in the arbitrators," 9 U.S.C. Sec. 10(b), or "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made," id. Sec. 10(d). "Courts have interpreted ... section narrowly, in light of Supreme Court authority strictly limiting federal court review of arbitration decisions. It is generally held that an arbitration award will not be set aside unless it evidences a 'manifest disregard for law.' " Todd Shipyards Corp., 943 F.2d at 1060 (citing "Steelworkers Trilogy": United Steelworkers v. American Mfg. Co., 363 U.S. 564 (1960); United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960); United Steelworkers v. Enterprise Wheel & Car Co., 363 U.S. 593 (1960)).
 
 
 4
 In his motion to vacate the arbitration award, Greenberg argued the arbitration panel exhibited a manifest disregard for the law by failing to award him the relief to which he allegedly was entitled under section 12 of the Securities Act of 1933, 15 U.S.C. Sec. 77. Greenberg also argued the panel's bias was evident "by virtue of the foregoing" and by comparison to the standards courts have used in awarding damages in similar cases.
 
 
 5
 Greenberg attached to his motion several exhibits supporting his claim for relief against Painewebber for the underlying securities law violations. He did not offer any evidence, however, to support his arguments that the arbitration panel was biased or that the panel acted with a manifest disregard for the law.
 
 
 6
 To support his claim of bias, Greenberg had to allege specific facts showing the panel had improper motives. See Toyota of Berkeley v. Automobile Salesmen's Union, Local 1095, 834 F.2d 751, 755 (9th Cir.1987) (stating that "the burden of proving specific facts indicating improper motives rests on the party challenging the arbitration award"), cert. denied, 486 U.S. 1043 (1988). Greenberg failed to come forward with such facts. In addition, even if the panel erred in applying the law, that fact alone does not show that the panel disregarded the law. See A.G. Edward & Sons, Inc. v. McCollough, 967 F.2d 1401, 1403 (9th Cir.1992) (per curiam) (stating that "courts should not reverse [an arbitration award] even in the face of erroneous interpretations of the law"), cert. denied, 113 S.Ct. 970 (1993); Western Employers Ins. Co. v. Jefferies & Co., 958 F.2d 258, 261 (9th Cir.1992) (stating that "absent a 'manifest disregard' for the law, courts will not heighten their otherwise deferential review of arbitral awards even where the arbitrators misapplied the law").
 
 
 7
 On appeal, Greenberg contends the district court's ruling was "legally well-founded." This contention lacks merit. Our review of the transcript of the hearing on Greenberg's motion and the district court's order shows that the district court's decision was not based on findings that the arbitration panel was biased or that the panel disregarded the law.
 
 
 8
 We conclude that Greenberg failed to carry his burden of showing that the arbitration panel was biased or that the panel exhibited a manifest disregard for the law. See A.G. Edward & Sons, Inc., 967 F.2d at 1403; Toyota of Berkeley, 834 F.2d at 755. The district court therefore erred by granting Greenberg's motion to vacate the arbitration award.
 
 
 9
 We reverse the district court's decision and remand for entry of an order confirming the arbitration award. On remand, the clerk of the district court for the Central District of California is hereby ordered randomly to select another judge for this case in compliance with the rules of that court. Brown v. Baden, 815 F.2d 575, 576 (9th Cir.), cert. denied, 484 U.S. 963 (1987). The judge to whom this case is reassigned shall enter the order confirming the arbitration award.
 
 
 10
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We therefore deny appellee's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3