108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juanita CHILDS, Plaintiff-Appellant,
v.
PAINEWEBBER INCORPORATED, Defendant-Appellee.
 No. 96-16169.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juanita Childs appeals pro se the district court's order confirming a National Association of Securities Dealers ("NASD") arbitration award in favor of PaineWebber Inc. ("PaineWebber") in her action alleging that PaineWebber violated federal securities laws with respect to certain investments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Sheet Metal Workers' Int'l Ass'n Local Union 359 v. Madison Indus., 84 F.3d 1186, 1190 (9th Cir.1996), and we affirm.
 
 
 3
 Childs contends the district court erred by confirming the NASD's arbitration award. Judicial review of an arbitration award is "limited and highly deferential." Id. "[T]he court may not review the merits [of the award], but must ask only whether the grievance is governed by the contract and whether the parties agreed to arbitrate the dispute." Id. An award will not be set aside unless it manifests a complete disregard for the law. See id. "The courts should not reverse even in the face of erroneous interpretations of the law." A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1402 (9th Cir.1992) (per curiam).
 
 
 4
 On appeal, Childs fails to show how the arbitration award disregards the law or that grounds exist for a vacatur, modification, or correction of the arbitration award. See 9 U.S.C. §§ 10, 11. Accordingly, the district court did not err by confirming the NASD's arbitration award. See Sheet Metal Workers' Int'l Ass'n, 84 F.3d at 1190.
 
 
 5
 We also reject Childs's contention that the district court erred by denying her motion to find PaineWebber in criminal contempt. In rejecting these claims, the district court correctly determined that Childs failed to set forth any basis for the imposition of criminal contempt. See 18 U.S.C. § 401; Fed.R.Crim.P. 42.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3