Jeffrey S. KUEST, Plaintiff—Appellant,

v.

**CITIGROUP GLOBAL MARKETS INC., Defendant—Appellee.**

No. 07–35005.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2008.*

Filed Aug. 26, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jeffrey S. Kuest, Tigard, OR, pro se.

Eric D. Lansverk, Esq., Brian C. Free, Esq., Hillis Clark Martin & Peterson, PS, Seattle, WA, for Defendant–Appellee.

Before: KOZINSKI, Chief Judge, BROWNING and SKOPIL, Circuit Judges.

MEMORANDUM **

The district court properly concluded that there was no basis to vacate the arbitration award. The award was not "completely irrational." *PowerAgent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir.2004). Instead, the award was based on the evidence before the arbitration panel, including a document signed by Kuest. Further, the arbitration panel's decisions to admit Kuest's letter into evidence and not to apply the doctrine of unclean hands do not constitute "manifest disregard of the law," which requires "something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir.2007) (internal quotations and citation omitted). Finally, Kuest has not pointed to any evidence of corruption, fraud or undue means that was not brought to the attention of the arbitration panel. *See A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 (9th Cir.1992) ("[W]here the [alleged] fraud or undue means is not only discoverable, but discovered and brought to the attention of the arbitrators, a disappointed party will not be given a second bite at the apple. This rule is consistent with the extremely narrow scope of our review of the arbitration panel's decision.") (internal quotations and citation omitted).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.