KNG CORPORATION, Plaintiff/Counterclaim Defendant-Appellee,
v.
CAROL KIM and POLO TRADING, INC., Defendants/Counterclaimants-Appellants and
PAUL KANG, Additional Counterclaim Defendant-Appellee.
No. 28560.
Intermediate Court of Appeals of Hawaii.
March 12, 2009.
On the briefs:
Gary Victor Dubin, for Defendants/Counterclaimants-Appellants.
Cori Ann C. Takamiya, (Kessner Umebayashi Bain & Matsunaga), for Plaintiff/Counterclaim Defendant-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA and LEONARD, JJ.
Defendants/Counterclaimants-Appellants Carol Kim (Kim) and Polo Trading, Inc. (who will be collectively referred to as Polo) appeal from the Circuit Court of the First Circuit's (Circuit Court's)[1] Order Granting Plaintiff KNG Corporation's Motion to Confirm Award of Arbitrator Filed January 19, 2007 and Denying Defendants/Counterclaimants Carol Kim and Polo Trading, Inc.'s (1) 658A-23 HRS Motion to Vacate and to Set Aside Arbitration Award and (2) 658A-25 HRS Motion for Attorneys' Fees and Costs Filed February 13, 2007 filed on April 27, 2007 (Order). The Order confirmed an arbitration award in favor of KNG Corporation (KNG) and against Polo in the amount of $84,842.63 for damages plus $21,150.90 for costs and attorneys' fees.
Polo raises the following points of error:
(1) The arbitrator's award as to the amount of damages was procured by fraud, in violation of Hawaii Revised Statutes (HRS) § 658A-23(a)(1) (Supp. 2001), and therefore should have been set aside;
(2) The arbitrator's award as to liability exceeded the arbitrator's powers, in violation of HRS § 65823(4), and therefore should have been set aside; and
(3) There were genuine issues of material fact as to whether the arbitration award was procured by fraud and exceeded the arbitrator's powers, therefore the Circuit Court should have held an evidentiary hearing and issued findings of fact and conclusions of law.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the issues raised by Polo as follows:
(1) Polo's allegation of fraud is based on a position taken by KNG in Polo's earlier appeal to the Hawai'i Supreme Court,[2] which was related to a rent trust fund ordered by a district court, and an allegedly inconsistent position taken by KNG during arbitration. Polo argues that KNG informed the supreme court that certain cart spaces had been rented and were no longer available, but, in the arbitration, KNG argued that it had suffered lost profit because the cart spaces had not been rented. Polo does not argue that KNG's inconsistent position, i.e., the alleged fraud, was unknown (or could not have been discovered) prior to the arbitration hearing that followed the supreme court appeal. Polo apparently did not raise this issue during the arbitration although it was indisputably known to Polo. We need not address KNG's argument that as a factual matter this was not fraud, because Polo's failure to raise this issue in the arbitration is dispositive. See, e.g., A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1404 (9th Cir. 1992) ("[I]n in order to justify vacating an award because of fraud, the party seeking vacation must show that the fraud was (1) not discoverable upon the exercise of due diligence prior to the arbitration . . .") . The Circuit Court did not err in refusing to set aside the arbitration award under HRS § 658A-23(a)(1).
(2) Polo argues that the arbitrator exceeded her authority by not recognizing "law of the case" when the arbitrator found that Polo had acquired possession of the cart spaces. This argument is without merit. The supreme court did not reach the issue of whether Polo had possession of the cart spaces. KNG, 107 Hawai'i at 79-80, 110 P.3d at 403-04 ("[W]e vacate . . . and remand the case for a hearing as to whether possession had been given [Polo] so as to justify the imposition of such a fund."). The Circuit Court did not err in refusing to set aside the arbitration award under HRS § 658A-23(a)(4).
(3) Polo argues that an evidentiary hearing was required in this case. We disagree. No genuine issues of material fact were raised by Polo. See Sousaris v. Miller, 92 Hawaii 534, 542, 993 P.2d 568, 576 (1999) (if no material issues of fact are in dispute, no evidentiary hearing is required or proper).[3]
For these reasons, we affirm the Circuit Court's April 27, 2007 Order.
NOTES
[1] The Honorable Sabrina S. McKenna presided.
[2] KNG Corp. v. Kim, 107 Hawai'i 73, 83, 110 P.3d 397, 407 (2005).
[3] Sousaris was decided under the HRS Chap. 658 rather than HRS Chap. 658A. Neither party raised or discussed any distinctions between the two arbitration statutes.