Affirmed, and Memorandum Opinion filed September 17,
2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00243-CV

____________

 

CLAUDE LEFOUMBA, Appellant

 

v.

 

LEGEND CLASSIC HOMES, LTD. and LEGEND HOME CORP.,
Appellees

 

 



 

On Appeal from the
County Civil Court at Law No. 2

Harris County,
Texas

Trial Court Cause
No. 904,308

 



 

M E M O R
A N D U M  O P I N I O N








Appellant, Claude LeFoumba, prevailed in arbitration against
the appellees, Legend Classic Homes, Ltd. and Legend Home Corp. (collectively, ALegend@).  Legend successfully challenged
LeFoumba=s failure to segregate his attorney=s fees, resulting in a modified
arbitration award that reduced his recovery by only $190.00.  Nevertheless,
LeFoumba brought this appeal to challenge the trial court=s confirmation of the slightly
reduced award.  Because LeFoumba=s appellate complaints do not fit
within any of the exclusive grounds available to challenge a federal arbitration
award, we affirm the judgment.[1]

                                                               Background

LeFoumba agreed to purchase a home from Legend pursuant to an
earnest-money contract containing an arbitration clause expressly governed by
the Federal Arbitration Act.[2]  After the
deal fell through, LeFoumba sued Legend for breach of contract, fraud, and
violations of the Texas Deceptive Trade Practices Act.  The case was referred
to arbitration, where the arbitrator found in LeFoumba=s favor on the breach-of-contract
claim but denied recovery for fraud or DTPA violations.  Accordingly, on
September 12, 2007, the arbitrator awarded LeFoumba $12,981.00 in actual damages
and $24,837.00 for attorney=s fees. 

However, the trial court vacated the award over LeFoumba=s objection, and referred the matter
back to the arbitrator because of LeFoumba=s failure to segregate his attorney=s fees between the contract claims,
on which he prevailed, and the other, non-successful causes of action.  On
February 22, 2008, the arbitrator issued a modified award reducing LeFoumba=s attorney=s fees by $190.00, to $24,647.00.  In
response, LeFoumba filed two motions, one asking the trial court to confirm
the modified award, and the other requesting that the court vacate the
modified award and reinstate the original September 2007 award.  The trial
court confirmed the modified award.








LeFoumba has now appealed the trial court=s refusal to vacate the modified
award, arguing (1) the modified award was procured by Aundue means,@ (2) the arbitrator exceeded her
authority, and (3) the modified award Aviolates law and public policy.@[3]  All of these arguments are premised
upon his claim that Legend=s objection to the failure to segregate attorney=s fees was untimely and therefore
should have been disregarded by the trial court and arbitrator.

                                                                    Analysis

The arbitration agreement expressly recites that Aarbitration shall be governed by the
U.S. Arbitration Act, 9 U.S.C. '' 1-16, to the exclusion of any provisions of state law that
are inconsistent with the federal act.@[4]  We review a trial court=s confirmation of an arbitration
award under the Federal Arbitration Act (the AFAA@) de novo.  Tanox, Inc. v.
Akin, Gump, Strauss, Hauer & Feld, L.L.P., 105 S.W.3d 244, 250 (Tex.
App.CHouston [14th Dist.] 2003, pet.
denied).  All reasonable presumptions must be indulged in favor of the award,
and none against it.  CVN Group, Inc. v. Delgado, 95 S.W.3d 234, 238
(Tex. 2002).  We treat an arbitration award the same as a judgment by the court
of last resort and may not substitute our judgment for the arbitrator=s merely because we might have
reached a different decision.  See id. at 238B39; Crossmark, Inc. v. Hazar,
124 S.W.3d 422, 429 (Tex. App.CDallas 2004, pet. denied). 








Instead, because judicial review of an arbitration award adds
expense and delay, thereby diminishing the benefits of arbitration as an
efficient, economical system to resolve disputes, our review of the arbitration
award must be Aextraordinarily narrow.@  See CVN Group, Inc., 95 S.W.3d at 238; Tanox,
105 S.W.3d at 250.  In fact, under this standard that governs our review, we
may not vacate an award even if the arbitrator committed a mistake of fact or
law.  See Crossmark, Inc., 124 S.W.3d at 429 (citing Anzilotti v.
Gene D. Liggin, Inc., 899 S.W.2d 264, 266 (Tex. App.CHouston [14th Dist.] 1995, no writ)).

The FAA itself clearly defines the only circumstances
under which an arbitration award may be vacated or modified.  See 9
U.S.C.A. '' 10(a), 11; Citigroup Global Mkts., Inc. v. Bacon, 562 F.3d 349,
353 (5th Cir. 2009) (citing Hall St. Assocs., L.L.C. v. Mattel, Inc.,
128 S. Ct. 1396, 1403 (2008)).  The grounds for vacatur are limited to the
following claims:

(1)       where the award was procured by
corruption, fraud, or undue means;

(2)       where there was evident
partiality or corruption in the arbitrators, or either of them;

(3)       where the arbitrators were
guilty of misconduct in refusing to postpone the hearing, upon sufficient cause
shown, or in refusing to hear evidence pertinent and material to the
controversy; or of any other misbehavior by which the rights of any party have
been prejudiced; or

(4)       where the arbitrators exceeded
their powers, or so imperfectly executed them that a mutual, final, and
definite award upon the subject matter submitted was not made.

 

9 U.S.C.A. ' 10(a).  Thus, we must overrule LeFoumba=s complaint that the modified
arbitration award violates public policy, because that argument is not viable
under section 10(a) of the FAA.  See id.; Ancor Holdings, LLC v.
Peterson, Goldman & Villani, Inc., ___ S.W.3d ___, No. 05-08-00739-CV,
2009 WL 2596120, at *5 n.3 (Tex. App.CDallas Aug. 25, 2009, no pet. h.)
(recognizing that, under Citigroup and Hall Street, public-policy
ground for vacating FAA award does not exist). 








Accordingly, we turn our attention to LeFoumba=s two remaining arguments that (1)
the modified award was procured through Aundue means,@ and (2) the arbitrator exceeded her
authority.  See 9 U.S.C.A. ' 10(a)(1), (4).  Both arguments arise
from LeFoumba=s claim that the arbitrator erred by requiring segregation of attorney=s fees on the basis of Legend=s untimely, and therefore waived,
objection to the lack of segregation.[5]

However, a mere mistake of law is insufficient to vacate an
arbitration award on the basis of Aundue means.@  See Jamison & Harris v. Nat=l Loan Investors, 939 S.W.2d 735, 737 (Tex. App.CHouston [14th Dist.] 1997, writ
denied); Crossmark, 124 S.W.3d at 429.  Instead, a party who seeks to
vacate an award allegedly procured by Aundue means@ must show immoral, illegal, or
bad-faith conduct.  In re Arbitration Between Trans Chem. Ltd. and China Nat=l Mach. Imp. & Exp. Corp., 978 F. Supp. 266, 304 (S.D. Tex.
1997) (citing  A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d
1401, 1403B04 (9th Cir. 1992)).  LeFoumba has produced no proof of any such conduct
by the arbitrator.








Similarly, an arbitrator does not exceed her authority by
committing a mistake of law, but instead by deciding a matter not properly
before her.  See Pheng Invs., Inc. v. Rodriguez, 196 S.W.3d 322, 329
(Tex. App.CFort Worth 2006, no pet.); Barsness v. Scott, 126 S.W.3d 232, 241
(Tex. App.CSan Antonio 2003, pet. denied).  Thus, the appropriate inquiry is
not whether the arbitrator decided an issue correctly, but instead
whether she had the authority to decide the issue at all.  See Saqer
v. Ghanem, No. 09-07-519-CV, 2008 WL 5263359, at *5B6 (Tex. App.CBeaumont Dec. 18, 2008, no pet.)
(mem. op.).  Here, LeFoumba does not contend the arbitrator lacked the
authority to decide upon the appropriate amount of attorney=s fees to compensate him for Legend=s alleged breach of contract. 

Therefore, LeFoumba has not established his entitlement to a
vacatur under section 10(a) of the FAA, the exclusive means by which a party
may overturn a federal arbitration award.  See Citigroup, 562 F.3d at
353.  Accordingly, we overrule appellant=s remaining two issues.

                                                                CONCLUSION

Finding no merit in the issues presented, we affirm the trial
court=s judgment.[6]

 

/s/        Kent C. Sullivan

Justice

 

 

Panel consists of Justices Seymore, Brown, and
Sullivan.

 









           [1] 
Because the facts and law are well-settled, we issue this memorandum opinion.  See Tex.
R. App. P. 47.4.





           [2] 
See 9 U.S.C.A. '' 1B16 (West 2009).





           [3]  In addition,
LeFoumba raises three more complaints that we need not address here.  First, he
claims that mediation was conducted in violation of the Texas Arbitration Act
(the ATAA@) and Ain a manner that substantially prejudiced@ his rights.  See Tex. Civ. Prac. &
Rem. Code Ann. ' 171.088(a)(3)(D) (Vernon 2005).  However, arbitration
here was governed by the FAA, not the TAA, and LeFoumba does not claim that the
arbitration violated any of the FAA=s
procedural provisions.  See 9 U.S.C.A. ' 10(a)(3).

 

Second,
LeFoumba contends the arbitrator acted with manifest disregard for the law. 
Third, he claims the trial court should have granted him additional,
unspecified attorney=s fees for enforcing the September 2007 arbitration
award.  However, he fails to cite any authority in support of either of these
latter two claims, and has therefore waived these complaints.  See Lundy v.
Masson, 260 S.W.3d 482, 503 (Tex. App.CHouston
[14th Dist.] 2008, pet. denied); Tex. R. App. P. 38.1(i) (AThe brief must contain a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the
record.@).





           [4] 
Capitalization normalized.





           [5] 
In his brief, LeFoumba frames his undue-means argument as follows: AIt is clear that the Arbitrator deemed Appelleess= [sic] segregation objection waived. . . . [T]he
court-ordered rehearing tied the hands of the Arbitrator, who . . . had no
choice but to entertain objections that were never specifically lodged by
Appellees.@  Similarly, in his exceeding-authority issue,
LeFoumba argues, ABy permitting the trial court to sustain a waived
arbitration objection, the Arbitrator has exceeded her authority, albeit
unwittingly, under the mandate of the AAA Rules. . . .  Permitting a
court-based ruling on arbitration evidence violates the Arbitrator=s grant of authority . . . [and] clearly exceeds the
authority of the Arbitrator envisioned by the AAA Rules.@





           [6] 
It is noteworthy that, for reasons not apparent from the record, LeFoumba, in
an ill-advised attempt to recover an extra $190.00 beyond that awarded under
the trial court=s judgment, has spent multiples of that amount in
additional fees and appellate costs.  We note that the cost merely to prepare
the clerk=s record was $699.00, an amount more than three and
one-half times the figure representing the difference between the original and
modified arbitration awards.