NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 10-3044
_____


INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 701

v.

CBF TRUCKING, INC.,
                              Appellant


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-09-cv-05525)
District Judge:  Honorable Anne E. Thompson
_____

Argued July 11, 2011

Before: SLOVITER, FUENTES, and VANASKIE, Circuit Judges

(Filed: July 28, 2011)
_____

Meredith R. Murphy
John A. Ridley   (Argued)
Drinker, Biddle & Reath
Florham Park, NJ  07932

        Attorneys for Appellant

David B. Beckett
Roosevelt Porter

Mets, Schiro & McGovern
Woodbridge, NJ 07095

Paul A. Montalbano
Matthew G. Connaughton  (Argued)
Cohen, Leder, Montalbano & Grossman
Kenilworth, NJ 07033

    Attorneys for Appellee

_____

OPINION
_____

SLOVITER, *Circuit Judge*.

    CBF Trucking appeals the District Court's decision confirming the arbitration award entered against CBF and in favor of Michael Mickens, a CBF-employed member of the International Brotherhood of Teamsters, Local 701 union.  We will affirm.[1]

    CBF provides shipping services to the United States Postal Service.  On November 25, 2008, Mickens failed to perform an assigned pick-up and delivery. Following CBF's investigation, it called a meeting with Mickens and his union representatives at which Mickens insisted he had completed the assigned run. Notwithstanding his insistence, CBF concluded that Mickens failed to complete the assignment and, on that basis, terminated Mickens.  Mickens and the union grieved the termination, leading to a second meeting.  Once again, Mickens insisted that he

_____

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291.  We review *de novo* a district court's legal conclusions in an order confirming an arbitration award.  *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 521 (3d Cir. 2009).

completed the assigned run. CBF was unaware at the time of the meetings that Mickens was tape recording the proceedings.

Pursuant to the collective bargaining agreement, the union filed a demand for arbitration. At the arbitration hearing, Mickens, for the first time, offered an explanation for his failure to perform the assigned trip, asserting that a security guard relayed a message from CBF that he did not need to complete the assignment. The security guard was called to testify and he did not contest Mickens' explanation, testifying that it was "possible" he had provided such an instruction to Mickens. CBF introduced the minutes from the first meeting which reported Mickens' initial, and ultimately false, claim that he had completed the assignment. Despite the evidence that Mickens had changed his story and initially lied to CBF, the arbitrator concluded that Mickens was wrongfully terminated and ordered that he be reinstated with full back-pay.

Shortly after issuance of the arbitration award and during discovery in a separate state lawsuit, Mickens produced to CBF the covert recordings he had made of the two meetings between CBF, Mickens, and the union. The union does not contest that the recordings depict Mickens' original adamancy that he completed the assigned run. The tapes were not produced before this late date despite the fact that CBF had repeatedly requested that Mickens and the union produce all relevant documents.

When the union filed the action in the District Court to enforce the arbitration award, CBF moved to vacate the award on the ground that it was procured by fraud or undue means. The District Court denied the motion, holding that while Mickens had lied

3

and surreptitiously withheld the tapes, thereby committing fraud, the fraud was not material to the outcome of the arbitration proceeding.

Given the strong presumption in favor of arbitration, federal law provides that a district court may vacate an arbitration award "only under exceedingly narrow circumstances." *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003). Those circumstances are delineated in the Federal Arbitration Act ("FAA") itself. Pursuant to Section 10(a)(1) of the FAA, one such circumstance is when the award was "procured by corruption, fraud, or undue means." Courts have applied a three-part test to determine whether an award was procured by fraud. Under the test, CBF must establish (1) the existence of fraud by clear and convincing evidence, (2) that the fraud was not discoverable with the exercise of due diligence, and (3) that the fraud materially relates to an issue in the arbitration. *See, e.g., A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 (9th Cir. 1992); *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1383 (11th Cir 1988).

Applying this test, the District Court correctly concluded that "Mickens' failure to provide CBF with the tape recordings until after the arbitration award had been finalized is fraudulent or undue conduct that could be grounds for vacating the arbitration award." *Int'l Bhd. of Teamsters, Local 701 v. CBF Trucking, Inc.*, No. 09-5525, 2010 U.S. Dist. LEXIS 57386, at *6 (D.N.J. June 10, 2010). However, as the District Court noted, the arbitrator was already aware of the essential facts contained on the tapes—that is, that Mickens originally lied and insisted that he completed the job assignment. Accordingly,

4

the District Court did not err in reasoning that the recordings were not material to the

arbitrator's decision and their nondisclosure did not deprive CBF of a fair proceeding.

*See Envtl. Barrier Co., LLC v. Slurry Sys., Inc.*, 540 F.3d 598, 608 (7th Cir. 2008) (there

must be "a nexus between the purported fraud and the arbitrator's final decision").[2]

For the foregoing reasons and substantially for the reasons explained in the

District Court's opinion, we will affirm the judgment of the District Court.

---

[2] We also reject CBF's argument that the arbitrator manifestly disregarded the law by not applying the "clock stops" doctrine. Assuming, without deciding, that manifest disregard for the law remains a valid ground for vacatur, it is not clear that the clock stops doctrine is the governing law in New Jersey. Nor do we think the arbitrator erred by not reducing the back-pay award by the amount of unemployment benefits Mickens received.