NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUZANNE LATOUR, an individual,

    Petitioner - Appellant,

  v.

CITIGROUP GLOBAL MARKETS, INC., a New York corporation,

    Respondent - Appellee.

No. 12-55643

D.C. No. 3:11-cv-01167-LAB-RBB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 7, 2013[**]
Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

  Suzanne LaTour, a securities broker, appeals the district court's order

affirming a Financial Industry Regulatory Authority arbitration award in favor of

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Citigroup Global Markets, Inc. ("CGMI"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's confirmation of an arbitration award. Bosack v. Soward, 586 F.3d 1096, 1102 (9th Cir. 2009). The scope of this review is limited to four grounds under the Federal Arbitration Act ("FAA"): if (1) the award is obtained through corruption, fraud, or undue means, (2) there is evidence of the arbitrators' bias or corruption, (3) the arbitrators are guilty of misconduct by refusing to postpone a hearing or to consider evidence, or (4) the arbitrators exceeded their powers or performed them so insufficiently that a final and definite award was not made. Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 640 (9th Cir. 2010).

Arbitrators exceed their authority when they express a "manifest disregard of [the] law" or the award is "completely irrational." Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 997 (9th Cir. 2003) (en banc) (internal quotation marks omitted). "Manifest disregard" is a deferential standard, overcome only where the arbitration panel commits clear and obvious error in the face of contrary law. Sheet Metal Workers' Int'l Ass'n Local 359 v. Madison Indus., Inc., of Ariz., 84 F.3d 1186, 1190 (9th Cir. 1996) (stating that judicial review of an arbitration award, including for a manifest disregard of the law claim,

2

is "both limited and highly deferential"); Lagstein, 607 F.3d at 641 (holding that to vacate an arbitration award on a manifest disregard of the law ground, it "must be clear from the record that the arbitrators recognized the applicable law and then ignored it" (internal quotation marks omitted)). Arbitrators need not provide reasons for their findings, but are presumed to have applied the law appropriately. A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1403 (9th Cir. 1992) (per curiam).

LaTour argues that CGMI was not the note holder under New York law, and therefore was not entitled to enforce it. Consequently, LaTour states that the district court erred in affirming the arbitration panel's award to CGMI "in manifest disregard of the law." See Comedy Club, Inc. v. Improv W. Assocs., 553 F.3d 1277, 1290 (9th Cir. 2009).

The record does not support the claim that the arbitration panel manifestly disregarded the applicable law. In explaining its award determination, the panel majority stated that "CGMI had possession of the Note and that it and CGMI Holdings were jointly creating the documents and the manner of payment." The dissenting arbitrator provided no explanation for his view beyond asserting that LaTour "is not a 'holder' of the Promissory Note under New York law." Although the decision does not offer much insight into the panel's reasoning, nothing in the

3

record reveals a disregard for applicable law. LaTour did not provide persuasive authority suggesting otherwise. The record and the case law do not support LaTour's argument that the panel ignored "well defined, explicit, and clearly applicable" governing law. Collins v. D.R. Horton, Inc., 505 F.3d 874, 879–80 (9th Cir. 2007) (internal quotation marks omitted) (emphasis omitted).

**AFFIRMED.**