**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID WULFE, | No. 13-57177 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-05971-MWF-E |
| v. | |
| VALERO REFINING COMPANY - CALIFORNIA, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 2, 2016
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges and RICE,[**] Chief District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

1

David Wulfe, a refinery operator, filed suit against his former employer, Valero Refining Co., alleging several employment related claims. Wulfe appeals a district court order compelling arbitration, confirming an arbitration award, and denying reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the orders compelling arbitration and denying reconsideration. We also affirm, in part, the order confirming the arbitration award but remand for the district court to consider in the first instance the effect of recent case law.

**1.** Wulfe agreed to arbitrate. Under California law, consent to arbitrate can either be express or implied. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093 (9th Cir. 2014). Here, Wulfe impliedly agreed to arbitrate because the arbitration agreement was a condition of his employment; Wulfe was aware that if he continued to work, he would be bound by this condition; and Wulfe continued his employment with Valero after the arbitration agreement went into effect. *See Craig v. Brown & Root, Inc.*, 100 Cal. Rptr. 2d 818, 820-21 (Ct. App. 2000).

**2.** The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, applies to Wulfe's wage claims. Although wage claims under California Labor Code section 229 are generally not subject to arbitration, the FAA supersedes any contrary state law. *See Perry v. Thomas*, 482 U.S. 483, 491 (1987). The FAA "provide[s] for the

enforcement of arbitration agreements within the full reach of the Commerce Clause." *Id.* at 490. Here, not only does the DRP expressly state that the FAA applies, Wulfe and Valero's employment relationship undoubtedly involves interstate commerce: Wulfe, a citizen of California, was employed by Valero, a citizen of Texas, as an oil refinery operator at one of Valero's California facilities.

**3.** The arbitration agreement is not unconscionable. Although there are elements of procedural and substantive unconscionability within the arbitration agreement— "the former focusing on 'oppression' or 'surprise' due to unequal bargaining power, the latter on 'overly harsh' or 'one-sided' results," *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000) (citation omitted)—neither element, when viewed together, tips the scale toward a finding of unconscionability. *See Sanchez v. Valencia Holding Co., LLC*, 353 P.3d 741, 748 (Cal. 2015).

**4.** The district court did not err in compelling arbitration of Wulfe's Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698, et seq. claim. The California Supreme Court and we have recently held that pre-dispute agreements to waive the right to bring a representative PAGA claim are unenforceable and that this rule is not preempted by the FAA. *Sakkab v. Luxottica Retail N. Am., Inc.*, 803

3

F.3d 425 (9th Cir. 2015); *Iskanian v. CLS Transp. L.A., LLC*, 327 P.3d 129 (Cal. 2014). But the district court's order compelling arbitration did not run afoul of *Sakkab* and *Iskanian* because the order did not prevent Wulfe from bringing a representative PAGA claim in arbitration; instead, the district court left the scope of the agreement to the arbitrator to decide in the first instance.

**5.** The district court did not abuse its discretion when it found that Wulfe was judicially estopped from arguing that the arbitrator's award should be reviewed de novo. The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citation omitted). Here, Wulfe's position—that the district court should apply de novo review to the arbitrator's denial of classwide arbitration—is "clearly inconsistent" with his earlier position that the arbitrator should decide whether classwide arbitration is available; the district court relied, at least in part, on Wulfe's earlier position when ruling in his favor; and Wulfe would derive an unfair advantage if not estopped. *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 992-94 (9th Cir. 2012).

**6.** The arbitration award was not procured by fraud or undue means. While an arbitrator's award may be vacated if it was "procured by corruption, fraud, or undue means," 9 U.S.C. § 10(a)(1), the conduct at issue here was discovered and brought to the attention of the arbitrator before she issued her decision and had no effect on the arbitrator's decision. *See A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403-04 (9th Cir. 1992).

**7.** Finally, Wulfe argues that the arbitrator exceeded her powers by allegedly ordering Wulfe to proceed with his PAGA claim on an individual basis because such a right cannot be waived. Wulfe's argument rests on the holdings recently announced in *Iskanian* and *Sakkab*, which were both issued after the arbitrator issued her award and the district court confirmed the same. We leave to the district court to consider in the first instance Wulfe's argument that, in light of those subsequent decisions, the arbitrator's award should be vacated because she "exceeded [her] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

**AFFIRMED IN PART AND REMANDED IN PART**.