**David WULFE, individually and on behalf of others similarly situated, Plaintiff-Appellant,**

v.

**VALERO REFINING COMPANY— CALIFORNIA, et al., Defendants-Appellees.**

No. 16-55824

United States Court of Appeals, Ninth Circuit.

Submitted April 19, 2017 *
Pasadena, California

Filed April 19, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Peter M. Hart, Law Offices of Peter M. Hart, Los Angeles, CA, Stephanie Emi Yasuda, Kenneth H. Yoon, Law Offices of Kenneth H. Yoon, Los Angeles, CA, for Plaintiff-Appellant

Paul Berkowitz, Attorney, Thomas Roy Kaufman, Attorney, Sheppard Mullin Richter & Hampton LLP, Los Angeles, CA, for Defendants-Appellees

Before: WARDLAW and HURWITZ, Circuit Judges and RICE,** Chief District Judge.

** The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

MEMORANDUM ***

David Wulfe, a refinery operator, sued his former employer, Valero Refining Co., alleging several employment related claims, including a claim under the California Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698, et seq. The district court entered an order compelling arbitration. The arbitrator then entered a partial award, ordering Wulfe to proceed with his PAGA claim on an individual basis. The district court confirmed the partial arbitration award and Wulfe appealed.

While this case was pending on appeal, the California Supreme Court and this Court issued opinions holding that pre-dispute agreements to waive the right to bring a representative PAGA claim are unenforceable notwithstanding the Federal Arbitration Act ("FAA"). *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 431 (9th Cir. 2015); *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal.4th 348, 173 Cal.Rptr.3d 289, 327 P.3d 129, 133 (2014). When this case was first before us, we affirmed the district court's order compelling arbitration and also affirmed, in part, the order confirming the arbitration award, but we remanded to the district court to consider the intervening case law concerning the PAGA claim. We directed "the district court to consider in the first instance Wulfe's argument that, in light of those subsequent decisions, the arbitrator's award should be vacated because she 'exceeded [her] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.'" *Wulfe v. Vale-*

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*ro Ref. Co.-Cal.*, 641 Fed.Appx. 758, 761 (9th Cir. 2016) (alteration in original) (quoting 9 U.S.C. § 10(a)(4)).

On remand, the district court thoroughly analyzed the issue and declined to vacate the award. The district court concluded that intervening law could not provide a basis for vacatur. We agree and affirm.

1. The Supreme Court has explained that the FAA permits a court to "vacate an arbitrator's decision only in very unusual circumstances. That limited judicial review ... maintains arbitration's essential virtue of resolving disputes straightaway. If parties could take full-bore legal and evidentiary appeals, arbitration would become merely a prelude to a more cumbersome and time-consuming judicial review process. *Oxford Health Plans LLC v. Sutter*, —— U.S. ——, 133 S.Ct. 2064, 2068, 186 L.Ed.2d 113 (2013) (citations, internal quotation marks, and brackets omitted).

Section 10 of the FAA permits vacatur "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). This is a high standard; "[i]t is not enough ... to show that the panel committed an error-or even a serious error." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (alteration in original) (quoting *Stolt-Nielsen S.A. v. Animal-Feeds Int'l Corp.*, 559 U.S. 662, 671, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010)). "[A]rbitrators 'exceed their powers' ... not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' or exhibits a 'manifest disregard of law.'" *Id.* (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc)). "'Manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law"; "[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Id.* (quoting *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995)).

Wulfe's argument is that succeeding judicial decisions render the arbitrator's decision in excess of her powers. But, the issue is not whether, with perfect hindsight, we can conclude that the arbitrator erred. Rather, the issue is whether the arbitrator "recognized the applicable law and then ignored it." *Lagstein*, 607 F.3d at 641. There is no contention that the arbitrator did so here. Rather, at the time she rendered the partial award, the law was unsettled as to whether Wulfe's PAGA claim should be arbitrated on an individual basis. *See, e.g., Quevedo v. Macy's, Inc.*, 798 F.Supp.2d 1122, 1142 (C.D. Cal. 2011) (holding plaintiff's individual PAGA claim to be arbitrable and "the arbitration agreement's provision barring him from bringing that claim on behalf of other employees is enforceable"). And, Wulfe did not argue or cite any authority to the arbitrator that the agreement requiring individual arbitration of his PAGA claim was unenforceable. That the arbitrator failed to correctly predict future judicial decisions does not mean she acted in "manifest disregard" of existing law. *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 668 n.7 (9th Cir. 2012) (holding that "even misstatements of the law followed by erroneous application of the law" provide insufficient grounds for vacatur, because under "quite clear" circuit precedent, only "evidence that the Arbitrator knew the law but ignored it nonetheless" constitutes "manifest disregard of the law").

2. Because Wulfe's public policy argument is raised for the first time in his reply brief, we find it waived. *Eberle v. City of Anaheim*, 901 F.2d 814, 817-18 (9th Cir. 1990).

Each party shall bear its own costs on appeal.

AFFIRMED.